UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV434-J

DANNY K. WILKERSON                                                                                          PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                     DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Danny Wilkerson ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be remanded

## PROCEDURAL HISTORY

On March 1, 2005, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge Michael J. Nichols ("ALJ") determined that claimant's HIV infection, degenerative disc disease of the lumbar spine, and status post decompressive laminectomy and fusion at L5-S1 were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity for sedentary jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on April 23, 2009.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ failed to accord the appropriate weight to the opinions of treating medical sources. Dr. Mahan, the orthopedic surgeon who treated Mr. Wilkerson for a disc space infection, opined in May of 2005, "As far as I can determine he is disabled from any gainful employment until further notice." Tr. 260. Bobbi Andriakos, a Registered Nurse Practitioner with University Physicians Associates, opined in May of 2007 that Wilkerson was "disabled due to multiple conditions. Would re-eval in 12 mo." Tr. 320. Ms. Andriakos opined in June of 2008 that Mr. Wilkerson was "clinically unable to work." Tr. 378.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating

physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

However, it remains the case that physicians' opinions are entitled to weight only within the scope of their expertise. A treating physician's opinion regarding disability is not conclusive. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2). Thus, an opinion by a treating source on such matters as the existence of an impairment, specific functional limitations resulting from the impairment, and prognosis are medical opinions and are entitled to the appropriate weight. However, opinions as to whether a person is capable of gainful employment are not entitled to that special weight, because they address *legal* matters that are outside the scope of medical expertise. That is, there is no reason to expect that a surgeon has expertise regarding the functional requirements of specific jobs.

The opinions plaintiff would rely on are opinions regarding disability, which makes them suspect at the outset. The ALJ declined to accord controlling weight to Dr. Mahan's 2005 opinion because exams subsequent to that opinion showed improvement in Mr. Wilkerson's condition. The ALJ similarly limited Nurse Practitioner Andriakos' opinions because her treatment records showed the HIV/AIDS to be well controlled and reflected a lack of significant clinical findings related to the lumbar spine. He further stated that her records did not show that Mr. Wilkerson had complained regarding the side effects of medication. Tr. 25.

A treating physician's opinion, if uncontradicted, should be given complete deference. See,

e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

After declining to give controlling weight to the cited opinions, the ALJ discussed the other specific medical information in the record, including normal strength, gait, etc. The ALJ also relied on the testimony of the medical expert who had reviewed the entire medical record. The Court finds no error, and that substantial evidence supports the decision of the ALJ to limit the weight given the treating sources regarding limitations imposed by the back problem.

The same cannot be said of the ALJ's decision to credit the testimony of a medical expert instead of the records of the treating source on the issue of fatigue. Dr. Seligman, the testifying expert, noted that Mr. Wilkerson's viral load is quite low, and that he would expect to see more fatigue with a higher viral load. Tr. 432-433. Mr. Wilkerson contends that Dr. Seligman did not rule out the possibility that there still could be some fatigue, nor did he explain the significance of

poorly controlled CD4 levels.[1] Counsel asked Dr. Seligman whether anemia might contribute to fatigue, and Dr. Seligman responded that the record did not show any anemia within "the last several years." Tr. 433. In fact, the record reflects a persistent mycrocitic anemia, beginning in early 2007, and continuing through the last medical exam (a month prior to Dr. Seligman's testimony), when increased mycrocitic anemia was noted and the treating source explicitly coupled this with a notation of fatigue. Tr. 379.

Thus, given this clear conflict between the records in the file and the history recalled by Dr. Seligman, the ALJ should have been extremely hesitant to accept Dr. Seligman's testimony regarding fatigue. Yet Dr. Seligman went even further in his efforts to discount the fatigue reported by Mr. Wilkerson and noted by the treating source: He offered his own opinion that Mr. Wilkerson's fatigue could be eased by adjustment of his medication or its dosage. There is nothing whatsoever in the record to justify such testimony. This is not a case in which the record shows noncompliance or refusal to agree to a recommended medication change. Indeed, the regular medical care shows several HIV medication adjustments during his course of treatment. This Court must agree that Dr. Seligman's testimony regarding medication was unacceptable surmise that moved him far outside the role of neutral interpreter of medical records.

Because of these problems with Dr. Seligman's testimony and the ALJ's stated reliance on that testimony, the Court cannot agree that substantial evidence supports the ALJ's conclusions with regard to the limitations imposed by HIV/AIDS or the medications used to treat it. However, neither can we say that this is one of the rare cases in which "proof of disability is strong and evidence to

---

[1] It is possible that Mr. Wilkerson's low CD4 levels may account for his having received an AIDS diagnosis; nonetheless, there is nothing in this record to indicate that low CD4 counts are themselves predictive of fatigue.

5

the contrary is lacking." <u>Faucher v. Secretary</u>, 17 F.3d 171, 176 (6th Cir. 1994). As the record has not been fully developed and all essential factual issues resolved, remand for further proceedings is necessary.